

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 2, 1948

Hon. H. D. Dodgen, Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Opinion No. V-492

Re: The authority of the Game,
Fish and Oyster Commission
to purchase uniforms for
game and fish wardens from
current appropriation.

Dear Sir:

Reference is made to your request for an opinion, dated December 9, 1947, which we quote as follows:

"Several months ago, the Game, Fish
and Oyster Commission passed a resolution
authorizing the Executive Secretary to
purchase uniforms for all game and fish
wardens and to have such uniforms consign-
ed to the wardens as a part of their equip-
ment.

"In the absence of a specific appro-
priation for the purchase of this type of
equipment, we respectfully request your
opinion as to whether the funds available
to this Department may be used for the pur-
chase of such uniforms under the condition
of our current biennial appropriation."

The current departmental appropriation bill,
being S. B. 391, Acts 1947, 50th Leg., p. 842, containing
the specific appropriations for the Game, Fish and Oyster
Commission, contains a rider which reads in part as fol-
lows:

"The foregoing specific amounts, or
so much thereof as may be used, are hereby
appropriated for the purposes above enumer-
ated and shall be paid out of either the

Special Game and Fish Fund or the Medina
Lake Fund, and all money to the credit of
these special funds on hand in the State
Treasury on September 1, 1947, together
with the current revenues to be derived
and placed to the credit of these special
funds during the next ensuing two years
ending August 31, 1949, are hereby appro-
priated for the purpose of protecting,
purchasing, propagating, trapping, distri-
buting and improving the wild life re-
sources of this State; for the creation,
leasing, purchase and maintenance of game
sanctuaries, public hunting grounds and
public fishing grounds; for the dissemi-
nation of information pertaining to the
conservation, propagation, distribution
and economic value of the wild life re-
sources of this State; for the purpose of
purchasing  land; for the construction,
maintenance and operation of fresh water
fish hatcheries and rearing ponds; for the
purpose of providing living quarters and
maintenance of same for fish hatchery su-
perintendents, assistant fish hatchery
superintendents; for the making of scien-
tific investigations and surveys of marine
life; for the purpose of the construction
and maintenance of passes from one body of
coastal water to another; for the payment
of refunds to the State Highway Commission,
to counties, cities, or towns or any poli-
tical subdivision thereof as provided by
law; for the purpose of propagating fish
to be placed in Medina Lake and protecting
the same; for auditing expenses; for the
payment of bond premiums on qualifications
bonds of the Chairman and members of the
Game, Fish and Oyster Commission and other
officers and employees of the Game, Fish
and Oyster Commission."

After carefully studying the appropriation
bill for the Game, Fish and Oyster Commission, and the
rider attached thereto as set out herein, we have found
no authority for the expenditure you propose. It will
be observed that the rider will permit an expenditure
only for the purposes enumerated in the appropriation

bill or in the rider itself.  And we would also direct your attention to the provisions of Section 6 of Article VIII of the Texas Constitution which prohibits money being withdrawn from the State Treasury except pursuant to specific appropriations made therefor by the Legislature.

The 50th Legislature, in the departmental appropriation bill providing for the Department of Public Safety, under its maintenance and miscellaneous items, specifically provided for uniforms for the Texas Highway Patrol Division and also for the Drivers License Division. We think it not unreasonable to conclude, therefore, that had the Legislature intended to authorize the purchase of uniforms under the maintenance, miscellaneous and improvements items appropriated to the Game, Fish and Oyster Commission, it would have specified uniforms thereunder, as it did in the appropriation to the Department of Public Safety.

This opinion is in accord with former Opinion O-7243 of this Department, holding that coveralls may not be purchased for boiler inspectors employed by the Bureau of Labor Statistics out of the appropriation for that department.

### SUMMARY

The Game, Fish and Oyster Commission is not authorized to purchase uniforms for game and fish wardens from its current appropriation.  Sec. 6, Art. VIII, Texas Constitution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Dean J. Capp
Dean J. Capp
Assistant

DJC:jmc:wb

APPROVED:

Price Daniel
ATTORNEY GENERAL